THE STATE OF OHIO, APPELLEE, *v.* NEFF, APPELLANT.

(No. 2491—Decided June 19, 1957.)

Mr. *Richard J. Rinebolt,* for appellee.
Mr. *Marcus C. Downing,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of sentence by the Findlay Municipal Court entered pursuant to the finding by such court that the defendant, appellant herein, was guilty of operating a vehicle while under the influence of intoxicating liquor in violation of Section 4511.19, Revised Code.

Defendant assigned numerous errors, but said assignments of error are summarized in argument in two specifications: (1) That the state failed to prove venue; and (2) that the evidence is insufficient to prove that defendant was under the influence of intoxicating liquor.

Venue was not proved in express terms, and the only evidence submitted pertaining thereto is that of Findlay police officers, Paul Spitznaugle and Ted Longworth.

Spitznaugle testified, among other things, that he was a patrolman of the Findlay police force; that he was on duty on March 9, 1957, at approximately midnight; that at said time, while on his regular beat and while walking from the east side of Main Street to the west side, at the intersection of Main and Front Streets, he saw a Findlay cab turn from the east to the south on Main Street, "and defendant came through the red light going south and nearly collided with the cab" and "at this time I stopped the defendant" on the south side of the intersection of Front and Main; and that he (the officer) then drove defendant's vehicle to the courthouse and took him to the police station.

Officer Longworth testified, among other things, that he was a sergeant of the Findlay Police Department, that he was on duty at approximately midnight on March 9 as desk sergeant, and that about said time Officer Spitznaugle came to the station with the defendant and brought him to the desk.

The Supreme Court of Ohio, in paragraph one of the syllabus in the case of *State* v. *Dickerson,* 77 Ohio St., 34, 82 N. E., 969, 122 Am. St. Rep., 479, 13 L. R. A. (N. S.), 341, held:

"In the prosecution of a criminal case, it is not essential that the venue of the crime be proven in express terms, provid-

ed it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment.''

Under all the facts and circumstances of this case, it was established that the alleged crime was committed in Findlay, unless Officer Spitznaugle's regular beat was outside Findlay. Since he was an officer of the Findlay police force it would be unreasonable to conclude that his regular beat was any place except inside the corporate limits of Findlay, and it necessarily followed that the intersection of Main and Front Streets, where the defendant was apprehended, is likewise within the corporate limits of Findlay.

To corroborate this location, the Findlay Municipal Court could take judicial notice that an intersection at a Main Street and a Front Street is located within the city of Findlay. The location of the intersection and place of the crime being established as being in Findlay, the Findlay Municipal Court could then take judicial notice that the city of Findlay is located in Hancock County and the further fact that Hancock County is located in the state of Ohio. *Bruno* v. *State,* 15 Ohio Law Abs., 693. Under the rule established in the case of *State* v. *Dickerson, supra,* we are of the opinion that venue was sufficiently established.

As to the condition of defendant, other than as evidenced by his aforementioned driving conduct, Officer Spitznaugle testified that defendant's eyes were very glassy and bloodshot; that his breath smelled strongly of some intoxicating beverage; that his speech was slurred and his eyes did not seem to focus; that his walk was unsteady and uncertain; that he said he had been at Son's Bar and had had ''a couple of beers''; that he was not given the alcometer test; that he was not required to walk in a straight line; that he was not required to draw a straight line on a blackboard or piece of paper; that he was not required to say, ''a big black bug bit a big black bear''; that he was asked whether he was ill, and he replied in the negative; that he was asked whether there was anything wrong, and he said, ''no''; and that he was asked and properly answered as to the date and the time.

Officer Longworth testified that defendant stated he would

not take the alcometer test, that he observed defendant for approximately four minutes from the time he arrived at the station until the alcometer test was set up, and that the defendant had been drinking.

All other testimony by Officers Spitznaugle and Longworth as to the defendant's condition was either excluded or stricken. The defendant offered no witnesses and rested at the close of the state's case.

In the case of *State* v. *Steele,* 95 Ohio App., 107, 111, 117 N. E. (2d), 617, this court, in an interpretation of the statute herein involved, said:

"In our opinion, being 'under the influence' of alcohol or intoxicating liquor means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such a quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess."

Applying this definition to the facts of this case, it is apparent that there is substantial evidence of sufficient probative value to support the finding of the Findlay Municipal Court that the defendant was operating a vehicle while under the influence of intoxicating liquor, and under such circumstances this court is not permitted as a matter of law to find otherwise. *State, ex rel. Squire, Supt. of Banks,* v. *City of Cleveland,* 150 Ohio St., 303, 82 N. E. (2d), 709. See, also, *State* v. *Polhamus,* 62 Ohio Law Abs., 113, 106 N. E. (2d), 646.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.