CITY OF WHITEHALL, APPELLEE, *v.* ST. GERMAIN, APPELLANT.

(No. 7345—Decided August 27, 1963.)

*Mr. Paul J. Haytcher*, city solicitor, for appellee.
*Mr. William C. Ailes*, for appellant.

TROOP, J.   The city of Whitehall charged Anne L. St. Germain, defendant, appellant herein, with unlawfully operating a motor vehicle upon East Main Street, within its corporate limits, while under the influence of intoxicating liquors, on May 7, 1962, in violation of its ordinance.   Trial was had upon the charge in the Columbus Municipal Court.   A jury returned a verdict of guilty.   The trial court overruled the motion of the defendant for a new trial and imposed sentence upon the defendant, from which judgment this appeal is taken.

Defendant presents four assignments of error.   Two of them engage our attention and two are regarded as perfunctory. The two considered urge that the verdict and judgment are contrary to law and against the weight of the evidence, and that the court erred in admitting evidence offered by plaintiff, to which objection was entered.

In brief and in oral argument, counsel for defendant contends that the prosecution failed to establish evidence, by way of objective symptoms, of the condition of the defendant, sufficient to permit the admission of evidence in the nature of a chemical test.   An attack upon the validity of the test is also advanced.   It is claimed that the urine sample, basic to the chemical test, was taken two and three-fourths hours after the arrest of the defendant, and that the source of the container used to take the sample is not clearly ascertained.

The record contains testimony concerning objective symptoms.   Summarized, they are that defendant had a strong odor of alcohol about her person, her face was red, her speech slurred

and mumbling, her clothes disorderly or wrinkled, she appeared sleepy, her eyes were bloodshot, glassy, and watery, she was swaying while standing, walking, or turning, and her mental state was stupefied. Koppelman offers some support with his testimony. In addition, the record contains evidence as to defendant's driving just preceding the accident in which she was involved. Defendant's admission as to the consumption of alcoholic beverages provides additional basis for the admission of the chemical tests into evidence.

Counsel for defendant makes much point of the omission to use objective tests of co-ordination by the police officers. Objective symptoms are the requirement, not objective tests. Objective tests might be presented for the jury to weigh along with the other evidence and they might well offer some proof of ability to co-ordinate, or the lack of ability, but being under the influence of alcohol involves much more than loss of co-ordination. It is said that being under the influence adversely affects actions, reactions, conduct, movement, clearness of intellect and mental processes, and the restriction of vision, direct and peripheral. Objective symptoms relate to these conditions of the individual charged.

The rule is well stated in paragraph three of the syllabus of *State* v. *Neff* (1957), 104 Ohio App., 289, as follows:

"In a criminal action, evidence by arresting officers that defendant's eyes were glassy and bloodshot, that his breath smelled strongly of some intoxicant, that his speech was slurred, that his eyes did not seem to focus, that his walk was unsteady and uncertain, that he admitted having had 'a couple of beers,' and that he stated he was not ill, is sufficient to support a finding of the trial court that defendant was 'under the influence' of intoxicating liquor."

Admission of the evidence of the chemical test was proper. The court's instruction to the jury as to the limits and purpose of expert testimony was correct. The jury was directed to weigh that evidence along with all the other evidence before it, and certainly the exhaustive cross-examination of the chemist was designed to nullify its effect upon the jury. To have failed to accomplish that purpose is a risk that counsel always takes when employing that method.

Testimony of Shupe clearly indicates that a lapse of

time following arrest in the taking of a sample of body fluid works in the favor of and not to the prejudice of an accused. In the instant case a delay of two hours and forty-five minutes after arrest, while perhaps not "at or near" the time of the incident, worked no prejudice to the defendant.

In the case of *State* v. *Myers* (1959), 82 Ohio Law Abs., 216, this court established a principle concerning a test of the validity of procedures in securing samples of body fluids for use in chemical tests. It is set out in headnote one, as follows:

"Where the state wishes to introduce into evidence the results of a blood test given defendant it is incumbent upon it to show that the specimen is defendant's and that there has been no substitution or tampering, but such burden is not so absolute as to require the state to negate all possibility of tampering."

In the instant case, the city has met the prescribed burden.

This is an appeal on questions of law. In the *Neff case*, *supra*, in paragraph two of the syllabus, we find language as follows:

"In an appeal on questions of law, where the trial court's findings of fact are supported by substantial evidence of sufficient probative value, the Court of Appeals cannot, as a matter of law, find the facts otherwise than as found by the trier of the facts."

Our examination of the record indicates that the "trier of the facts," the jury, had before it evidence of sufficient probative value to find as it did, and further, it reveals no error prejudicial to the defendant, on the part of the trial court. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Duffy, P. J., and Bryant, J., concur.