KIDD, APPELLANT, *v.* CINCINNATI TRANSIT CO. ET AL.,
APPELLEES.

[Cite as Kidd v. Cincinnati Transit Co. (1970),
24 Ohio App. 2d 101.]

(No. 11197—Decided September 14, 1970.)

*Messrs. Wilson, Stridsberg & Rimedio,* for appellant.
*Mr. Edward J. Utz,* for appellee Cincinnati Transit
Company.
*Messrs. Lindhorst & Dreidame,* for appellee B&J
Jacobs Company.

SHANNON, P. J. This is an appeal from an order of the
Court of Common Pleas of Hamilton County dismissing
an action filed in that court.

On October 3, 1963, plaintiff Ruth Kidd, appellant
herein, filed a petition in which she prayed for damages for
alleged personal injuries suffered October 5, 1961. There-
after, an amended petition was filed and on July 15, 1964,
the defendants, appellees herein, filed their answer there-
to.

The case was set for trial repeatedly and all but one of
the continuances granted (the exception being the one giv-
en March 25, 1968) were upon grounds other than those
advanced by plaintiff.

On February 4, 1970, the case was called for trial and plaintiff requested a continuance, stating to the court that her physician could not appear to testify because of the death of his father who was out of the city of Cincinnati. No counsel for or representative of defendants appeared to answer the call of the case. Whereupon, the court, sua sponte, dismissed the case without prejudice to the plaintiff. It is from such order that this appeal is taken.

The power of courts to grant continuances is independent of statute and incident to their authority to hear and determine causes. However, continuances are a matter of judicial discretion. It is the general rule that the granting or refusing of a motion for a continuance rests within the sound discretion of the trial court. See, generally, 11 Ohio Jurisprudence 2d 168, Continuances, Section 2, and citations thereunder.

Ordinarily, an appellate court will not interfere with the exercise of such discretion unless it clearly appears that an abuse thereof has prejudiced a party. 3 Ohio Jurisprudence 2d 730, Appellate Review, Section 756.

The granting of a continuance rests upon the right of a litigant to a reasonable opportunity to try the cause upon its merits with a view to obtaining justice without unnecessary delay. 11 Ohio Jurisprudence 2d 168, Continuances, Section 5.

It is the policy of the law that the parties to an action should have the benefit of the personal attendance of material witnesses to a trial whenever reasonably practicable. 11 Ohio Jurisprudence 2d 168, Continuances, Section 12. See, also, 12 American Jurisprudence 464, Continuances, Section 23.

In the case at bar, the request for a continuance rested upon the inability of the plaintiff to have a material witness, her physician, attend the trial personally. Certainly, the suggested reason for his absence would justify a conclusion that plaintiff was not seeking an unreasonable delay.

We conclude that to deny a request for a continuance based upon the ground that a material witness was absent

because of the death of his father and, sua sponte, to dismiss the action when the opposing party neither appeared nor opposed the request, constitutes a gross abuse of discretion by the court.

The order dismissing the action is reversed and the cause remanded to the Court of Common Pleas, Hamilton County, for further proceeding according to law.

*Judgment reversed*

Hess, J., concurs.
Hildebrant, J., not participating.