**Lease Center Corp.**
v.
**Carter**
*[Cite as 6 AOA 245]*

*Case No. 59170*
*Cuyahoga County, (8th)*
*Decided August 2, 1990*

*David G. Findley, 25 Prospect Avenue, N.W. 704-L, Cleveland, Ohio 44106, for Plaintiff-Appellant.*

*Sanford I. Atkin, Suite 700, 33 Public Square Bldg, Cleveland, Ohio 44113, for Defendant-Appellee.*

*Per Curiam.*
This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 25, the record from the Euclid Municipal Court and the briefs and oral argument of counsel by appellant.

The facts briefly are as follows:
Plaintiff-appellant Lease Center ("appellant") filed a complaint against defendant-appellee Theresa Carter ("appellee") to recover monies under the terms of a lease owing the appellant for which appellee had defaulted. The action was initially scheduled for trial on November 10, 1989 but was continued to November 29, 1989 at appellant's counsel's request. On Sunday, November 26, 1989, appellant's counsel's mother died and counsel was called out of town. A second continuance was requested, with the consent of opposing counsel, and filed with the court on November 29, 1989. The court denied the request for continuance and notified appellant's counsel. Appellant's counsel notified opposing counsel that the request was denied.

Appellant's counsel appeared for trial at the scheduled time. However, counsel for appellant could not obtain a witness in time for trial. Appellee's counsel could not appear but appellee did. Appellant's counsel orally requested a continuance', which was denied. Appellant's counsel then requested he be able to go forward and call appellee as a witness as if on cross-examination. That request was also denied.

The trial court dismissed the action for want of prosecution at appellant's costs. Subsequently, appellant filed a motion for reconsideration or in the alternative, motion to vacate judgment pursuant to Civ. R. 60(B). This motion was not ruled upon by the trial court.

Appellant's timely appeal asserts three errors:

"I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT A CONTINUANCE OF THE TRIAL SCHEDULED NOVEMBER 29, 1989.

"II. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CASE FOR WANT OF PROSECUTION WITHOUT GIVING NOTICE OF THE MOTION TO DISMISS.

"III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT A HEARING ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT."

I.
Appellant's first assignment of error argues that the trial court abused its discretion in

refusing to grant its second request for a continuance of the scheduled trial date of November 29, 1989. We agree.

A motion for continuance rests within the sound judicial discretion of the trial court, and the court's denial of a continuance must not be disturbed upon review unless there has been an abuse of discretion that has prejudiced a party. *Newman v. Rybka Realty. Inc. et al.* (Jan. 25, 1990), Cuyahoga App. No. 56095, unreported, at 3, citing *State v. Unger* (1981), 67 Ohio St. 2d 65, 67; see, also *Kidd v. Cincinnati Transit Co.* (1970), 24 Ohio App. 2d 101, 102. The trial court's attitude denying appellant's request for a continuance was unreasonable and clearly prejudiced appellant. The trial court's decision prejudiced the right of appellant to try its cause upon the merits. See, *Kidd, supra.*

Accordingly, the first assignment of error is well-taken.

### II. & III.

Since we find the trial court abused its discretion in refusing to grant appellant's request for a continuance, we need not reach the merits of the second and third assignments of error.

Judgment reversed and cause remanded for a trial on the merits.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

J.V. CORRIGAN, P.J., STILLMAN, J., ROHRS, J.

Sitting by assignment, Saul G. Stillman, retired judge of Court of Appeals of Ohio, Eighth Appellate District and Kenneth A. Rohrs, Judge of Court of Common Pleas of Henry County, Ohio.