**VILLAGE OF GLENWILLOW, Appellee,**

v.

**TOMSICK, Appellant.**

[Cite as *Glenwillow v. Tomsick* (1996), 111 Ohio App.3d 718.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69591.

Decided June 17, 1996.

*Kelley, McCann & Livingstone* and *Robert A. Brindza,* for appellee.

*Neil Hamad,* for appellant.

O'DONNELL, Judge.

David Tomsick appeals from his convictions in the Bedford Municipal Court for driving while under the influence of alcohol, operating a motor vehicle with a prohibited breath alcohol content, and operating a vehicle without reasonable control, alleging that the trial court abused its discretion in granting a continuance to the state, denied him his right to speedy trial, and erred in overruling his motions for acquittal.

On November 24, 1994, at 2:13 a.m., Police Officer Robert Bialosky, while on patrol in the village of Glenwillow, observed Tomsick operate a 1994 blue Ford pickup truck east on Pettibone Road, weaving and driving erratically. Officer Bialosky stopped the vehicle, administered several field sobriety tests to Tomsick, arrested him for driving under the influence of alcohol and operating his vehicle without reasonable control, and transported him to the Solon Police Station.

At the Solon Police Station, Solon Officer Dale Bunjevac administered a breath alcohol test to Tomsick, which revealed .169 grams of alcohol per two hundred ten liters of breath. Upon learning these results, police also charged Tomsick with operating a motor vehicle with a prohibited breath alcohol content.

The record in this case reflects that Tomsick waived his speedy trial rights on two separate occasions in this case: once on November 29, 1994, when he appeared in the Glenwillow Mayor's Court, and again, on December 9, 1994, when he appeared in Bedford Municipal Court.

The court originally scheduled this matter for trial on March 13, 1995; however, on March 10, 1995, the prosecutor sent a facsimile transmission to the court requesting a continuance, claiming that notice of the trial had not been received and urging that witnesses could not be subpoenaed in time for trial. Since no judge was available to consider the facsimile request, the clerk of the court granted the continuance and advised the prosecutor and the defense counsel of this by telephone. On March 13, 1995, when the matter came to the court's attention, the judge journalized an order which granted the continuance and reset the matter for trial on March 27, 1995. The court later granted a separate request by Tomsick to continue the March 27, 1995 trial date, and also permitted Tomsick to file objections to the March 13th continuance. After hearing, the court overruled those objections, stating that Tomsick had not been prejudiced by the March 13, 1995 continuance and prepared a complete journal entry on that issue.

On July 18, 1995, Tomsick moved to dismiss the case, alleging a violation of his right to speedy trial, but the court denied that motion and again scheduled trial

on July 24, 1995. When Tomsick questioned whether an acting judge who was sitting that day should hear the case, the matter was again reset for trial on August 28, 1995.

On August 28, 1995, the court called this matter for trial. Prior to the opening statements, Tomsick renewed his request to dismiss for lack of speedy trial, which the court again denied.

During trial, at the conclusion of the state's case in chief, Tomsick moved for acquittal pursuant to Civ.R. 29, alleging that the state had failed to establish that the incident occurred within the geographic confines of Cuyahoga County, Ohio. The court overruled the motion, and, consequently, Tomsick renewed this motion at the close of all of the evidence. The court, after denying these motions, convicted Tomsick on all three charges. Tomsick now appeals these convictions, assigning three errors for our review.

The first assignment of error states:

"The trial court erred in granting plaintiff-appellee's motion for continuance without a showing of good cause."

Tomsick asserts that the trial court abused its discretion in continuing the March 13, 1995 trial because the docket indicates that the clerk had sent a trial notice to the state, and even if the state failed to receive this notice, it failed to use due diligence to secure the attendance of its witnesses.

The prosecutor contends that the court failed to notify the state of the March 13, 1995 trial date, and, therefore, that the court did not abuse its discretion in granting this continuance.

The Supreme Court has stated in its syllabus in *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078:

"The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge."

In *Kidd v. Transit Co.* (1970), 24 Ohio App.2d 101, 102, 53 O.O.2d 285, 286, 265 N.E.2d 297, 298, the court stated that the court's power to grant continuances is incident to its authority to hear and decide matters and rests within the sound judicial discretion of the court.

The Supreme Court in *Krupp v. Poor* (1970), 24 Ohio St.2d 123, 53 O.O.2d 320, 265 N.E.2d 268, paragraph two of the syllabus, defined judicial discretion as "the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case."

■ In this instance, the clerk of courts initially granted the prosecutor's request for a continuance on Friday, March 10, 1995, because no judge was available to entertain the motion. This action was clearly erroneous because only the court is vested with the authority to grant a trial continuance by proper journal entry. See *Kidd v. Transit Co., supra.*

Additionally, *State v. Collura* (1991), 72 Ohio App.3d 364, 594 N.E.2d 975, establishes that a properly recorded journal entry records the continuance, identifies the party to whom the continuance is chargeable and indicates the reason for the continuance.

In *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 393, 357 N.E.2d 1095, 1096, the Supreme Court stated:

"The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose."

■ Factors to be considered in determining whether to grant a continuance requested by a party include the length of the continuance requested, any prior continuance, inconvenience, reasons for delay, and whether defendant contributed to the delay. See *State v. Grant* (1993), 67 Ohio St.3d 465, 620 N.E.2d 50, and *State v. Landrum* (1990), 53 Ohio St.3d 107, 559 N.E.2d 710.

■ Here, the record reflects that the trial court considered the state's facsimile continuance request on March 13, 1995, and continued the trial to March 27, 1995, albeit not in compliance with *Collura, supra.* After examining all the facts and circumstances in this case, although we strongly disapprove of the actions of the clerk of court in advising both counsel that the trial continuance would be granted without prior judicial authorization or direction to do so, we conclude that no reversible error occurred because the trial court independently considered and granted the state's continuance request in the exercise of its broad, sound discretion which, based on the reasons advanced, was not abused. Accordingly, we find this assignment of error not well taken.

The second assignment of error states:

"The trial court erred in not granting defendant-appellant's motion to dismiss based on the right to speedy trial."

Tomsick asserts that the trial court violated his right to a speedy trial because the court failed to try him within a reasonable time after service of summons.

The state asserts that the trial court did not violate Tomsick's right to a speedy trial because Tomsick had waived his right to a speedy trial and maintains that the court tried him within a reasonable time after his November 24, 1994 arrest.

Our analysis begins by examining R.C. 2945.71(B)(2), which requires that a person charged with a fourth degree misdemeanor be brought to trial within ninety days after service of summons.

In *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, however, the Supreme Court held that a defendant's right to be tried within the statutory time limits may be waived if a waiver is made knowingly and voluntarily and further stated in its syllabus:

"2. Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time."

In that case, the Supreme Court determined that the defendant, charged with driving under the influence of alcohol, had signed a written waiver of his right to speedy trial but had never filed a formal written demand for trial and thus his initial waiver remained effective. The court held that defendant's right to speedy trial had not been violated when the court tried the defendant nine months after his arrest and further, that such a delay could not be regarded as "presumptively prejudicial." *Id.* at 10, 516 N.E.2d at 221.

The record here indicates that Tomsick waived his right to speedy trial in both the Glenwillow Mayor's Court and in the Bedford Municipal Court. Although Tomsick filed an objection to the March 13, 1995 trial continuance, he never objected to any of the other continuances and in some instances instigated them. Additionally, at no time did Tomsick demand trial or revoke or attempt to revoke the waiver. Hence, in accordance with the holding in *State v. O'Brien,* *supra,* we conclude that the trial court tried Tomsick within a reasonable time after the service of summons and therefore did not violate his right to speedy trial. Accordingly, this assignment of error is not well taken and it is overruled.

The third assignment of error states:

"The trial court erred in not granting the motion for acquittal where the prosecution failed to establish the jurisdiction of the court."

Tomsick contends that the trial court erred in denying his motion for acquittal because the prosecution failed to prove that the violations occurred within the jurisdiction of the Bedford Municipal Court.

The prosecution asserts that the facts presented in its case in chief established the Bedford Municipal Court as the proper forum because the violations did occur within the territorial boundaries of the court's jurisdiction.

We begin our analysis by examining the state's burden to prove that the events in this case occurred within the territorial jurisdiction of the Bedford Municipal Court, County of Cuyahoga, and State of Ohio.

The Supreme Court in *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, stated in its syllabus:

"1. In the prosecution of a criminal case, it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment."

■ Furthermore, a court may take judicial notice of geographic facts within its jurisdiction which are matters of common knowledge. *State v. Scott* (1965), 3 Ohio App.2d 239, 32 O.O.2d 360, 210 N.E.2d 289, *State v. Neff* (1957), 104 Ohio App. 289, 4 O.O.2d 423, 148 N.E.2d 236.

■ In this instance, Officer Bialosky testified at trial that on November 24, 1994, he observed Tomsick driving a motor vehicle on Pettibone Road in the village of Glenwillow and that he followed the vehicle until he stopped it just over the Glenwillow border into Solon.

A court can take judicial notice that a roadway located within its territorial boundaries is located within Cuyahoga County and the state of Ohio. The testimony of Officer Bialosky provided a sufficient basis for the trial court in this instance to conclude that the offenses occurred within the jurisdiction of the Bedford Municipal Court, Cuyahoga County and the state of Ohio. Accordingly, the trial court did not err in denying the motion of acquittal, and this assignment of error is overruled.

*Judgment affirmed.*

DYKE, P.J., and PATTON, J., concur.