JOURNAL ENTRY AND OPINION
Defendant-appellant Jerry Abriani appeals from his conviction in the Lyndhurst Municipal Court following a jury trial for driving while under the influence of alcohol (DUI) in violation of Richmond Heights Codified Ordinance 333.01(A)(1). Defendant's sole contention on appeal is that he was not brought to trial within ninety days as required by the speedy trial act for a first degree misdemeanor (R.C. 2945.71(B)(2)). We find no error and affirm.
On May 7, 1998 at 2:00 a.m., defendant was found asleep in his car in the middle lane of Highland Road in Richmond Heights. After defendant was asked to perform a series of field sobriety tests, he was arrested and charged with DUI and failure to control. Pretrials were set for May 27, 1998 and June 16, 1998. On the latter date, defendant's trial counsel appeared and filed a handwritten statement as follows:
 Jerry A. Abriani hereby enters a not guilty plea to the charges of 333.01A1 DUI of 5/7/98 2:02 a.m. Waiver of time and ALS hearing. Request P.T.
In this document, defendant also requested a trial by jury. On the same date, defense counsel also filed a Notice of Scheduling Conflict informing the court that he will be out of the country from August 1st to August 31st 1998" and requesting trial before or after that date. Neither the Waiver of Time nor the Notice of Scheduling Conflict requested any definite time within which defendant's trial was to be had.
Subsequently, jury trial was set for January 27, 1999, with a final pretrial on January 20, 1999, at which time trial counsel filed a motion to dismiss on speedy trial grounds pursuant to R.C.2945.71(B)(2). The Court overruled the motion and the jury trial commenced on February 24, 1999. Prior to trial, the court indicated that it denied the motion to dismiss finding on the record that counsel had around the arraignment time submitted a written waiver of time for speedy trial purposes.
On February 25, 1999, the jury found defendant guilty of DUI and not guilty of failure to control. Thereafter, defendant filed his timely notice of appeal.
Defendant's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED WHEN IT DENIED JERRY ABRIANI'S MOTION TO DISMISS FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL, PURSUANT TO O.R.C. 2945.71(B)(2), BECAUSE HIS TRIAL WAS SCHEDULED MORE THAN 9 1/2 MONTHS AFTER HIS ARREST AND THERE WAS NO VALID WAIVER OF SPEEDY TRIAL BY JERRY ABRIANI OR OTHER LEGAL JUSTIFICATION.
Defendant asserts that the trial court erred in denying his motion to dismiss for a violation of his right to a speedy trial pursuant to R.C. 2945.71(B)(2). This section states in pertinent part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
Specifically, defendant claims that the June 16, 1998 Waiver of Time written statement was not a waiver for speedy trial purposes, but merely a waiver of his right to have an appeal hearing of his Administrative License Suspension (ALS) within five days of his arrest as is required pursuant to R.C. 4511.191. The State, on the other hand, asserts that defendant was not brought to trial within the above statutory time period because his counsel's June 16, 1998 written statement was a Waiver of Time which waived his speedy trial rights indefinitely.
Considering the June 16, 1998 written statement along with the accompanying Notice of Scheduling Conflict, we find that the written statement was a waiver of the ninety day statutory time period for speedy trial purposes. The June 16, 1998 written statement expressly stated: Waiver of Time and ALS hearing. Contrary to defendant's claim, this language does not reflect that he only waived his right to appeal his A.L.S. hearing within five days of his arrest. A valid waiver of his ALS hearing would automatically nullify any time requirement for such a hearing. Accordingly, we cannot say that the trial court erred in finding that the Waiver of Time expressed in the June 16, 1998 written statement was not a waiver of the five day ALS hearing requirement as defendant claims.
Furthermore, the record reflects that defendant was arrested on May 7, 1998. Under the speedy trial provisions of R.C.2945.71(B)(2), defendant had to be brought to trial within ninety days of that date or by August 7, 1998. However, the Notice of Scheduling Conflict also filed on June 16, 1998 clearly requested that the trial be scheduled either before August 1, 1998 or after August 31, 1998. The delay of defendant's trial after August 7, 1998 was the result of his own counsel's request and required a waiver of his speedy trial rights. As discussed above, the language used by defense counsel in the June 16, 1998 statement expressed such a waiver. Based on these facts, we find that the trial court correctly found that defendant's June 16, 1998 written statement was a valid waiver of his speedy trial rights.
The right to a speedy trial is granted by statute and the Ohio and United States Constitutions. State v. O'Brien (1987), 34 Ohio St.3d 7,8. In O'Brien, the Ohio Supreme Court held that a defendant's right to be tried within the statutory time limits may be waived by defendant or his counsel if the waiver is made knowingly and voluntarily. Id. at 9. The Court further held:
 Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.
Id. at paragraph two of the syllabus.
As discussed above, the June 16, 1998 written statement was a valid written waiver of defendant's speedy trial rights. This waiver was also of unlimited duration as it did not specify a time frame within which to hold defendant's trial. However, despite this waiver, the prosecution still had a constitutional duty to bring defendant to trial within a reasonable time. Id. In determining whether an accused's constitutional right to a speedy trial has been violated, courts must evaluate the following: (1) the length of the delay; (2) the justification for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice which the delay caused the defendant. State v.Triplett (1997), 78 Ohio St.3d 566, 568, citing Barker v. Wingo
(1972), 402, U.S. 514, 530-532; O'Brien, supra, at 10; Cleveland v.Waltz (May 5, 1988), Cuyahoga App. Nos. 53809, 53811 and 53812, unreported.
In O'Brien, the Ohio Supreme Court determined that Mr. O'Brien, charged with DUI, had signed a written waiver of his right to speedy trial but had never filed a formal written demand for trial and thus, his initial waiver remained effective. The Court held that Mr. O'Brien's right to speedy trial had not been violated when the trial court tried him nine months after his arrest and further, that such a delay could not be regarded as presumptively prejudicial. Id. at 10. In making its decision, the Court reasoned:
 The trial court is charged with the duty of scheduling trial, and it would seem to be reasonable to require the defendant to formally inform the court of an objection to a further continuance, and a reassertion of the defendant's right to a speedy trial. Otherwise the trial court may reasonably rely upon the written waiver of speedy trial as filed within the case. Defendant here made no such objection or demand for trial, and his initial waiver thus remained effective.
Id. at 9-10.
This Court, following O'Brien, similarly held in Village ofGlenwillow v. Tomsick (1996), 111 Ohio App.3d 718, that Mr. Tomsick's failure to demand trial or revoke or attempt to revoke his waiver of his speedy trial rights barred his speedy trial claims. In Tomsick, he was arrested on November 24, 1994 and charged with driving under the influence of alcohol. Mr. Tomsick subsequently waived his speedy trial rights and his trial was originally scheduled for March 13, 1994. However, after requests for continuances from both the defense and the prosecutor and other delays, the trial did not commence until August 28, 1995, over nine months after his arrest. Prior to and at trial, defendant moved to dismiss the case alleging a violation of his right to speedy trial. After the trial court denied his motions, Mr. Tomsick asserted on appeal to this Court that the trial court erred in not granting his motions to dismiss based on his right to speedy trial. This Court held:
 The record here indicates that Tomsick waived his right to speedy trial in both the Glenwillow Mayor's Court and in the Bedford Municipal Court. Although Tomsick filed an objection to the March 13, 1995 trial continuance, he never objected to any of the other continuances and in some instances instigated them. Additionally, at no time did Tomsick demand trial or revoke or attempt to revoke the waiver. Hence, in accordance with the holding in State v. O'Brien, supra, we conclude that the trial court tried Tomsick within a reasonable time after the service of summons and therefore did not violate his right to speedy trial. Accordingly, this assignment of error is not well taken and it is overruled.
Id. at 723.
Similarly, in the instant case, the defendant cannot claim that he has been unconstitutionally denied a speedy trial until he has asserted his right by requesting a trial or objecting to a proposed continuance. On June 16, 1998, defense counsel waived defendant's speedy trial rights and requested that defendant's trial be held anytime either before August 1, 1998 or after August 31, 1998. On December 30, 1998, defendant was advised that his trial was scheduled for January 27, 1999 and on January 20, 1999, defendant filed his motion to dismiss pursuant to R.C.2945.71(B)(2). Defendant's trial was later rescheduled for February 24, 1999.
The record reflects that at no time did defendant demand trial, object to a continuance or revoke or attempt to revoke his waiver after his Waiver of Time. Absent some trial demand or objection to delay during the seven months between his waiver and trial, defendant cannot claim that he has been denied his constitutional right to a speedy trial. See O'Brien, supra;Tomsick, supra; Waltz, supra. Defendant also has not demonstrated any prejudice resulting from the time period after his speedy trial waiver. Therefore, in accordance with O'Brien, we find that the trial court's nine and half-month delay for defendant's trial was not unreasonable and he cannot now claim a violation of the statutory time limits as a basis for the dismissal of this case.
Defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 O'DONNELL, P.J., CONCURS. KILBANE, J., DISSENTS (SEE DISSENTING OPINION ATTACHED).
 _______________________ JAMES M. PORTER, JUDGE