OPINION
This appeal emanates from the Portage County Municipal Court, Ravenna Division. Appellant, John P. Rootes, appeals the trial court's judgment entry of December 15, 1999, and the judge's ruling on the exclusion of defense witnesses.
On June 13, 1999, appellant was issued a traffic citation for speeding, in violation of R.C. 4511.21(C), and driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1). On June 14, 1999, at appellant's initial appearance, he entered a plea of not guilty to the charges. On August 25, 1999, appellant filed a motion in limine and motion to suppress, which were overruled after a hearing. A jury trial was held on December 14, 1999.
The evidence reveals that on June 13, 1999, around 2:00 a.m., while Sergeant Donald Dunbar ("Sgt. Dunbar") of the Ohio Highway Patrol was on routine patrol in .Franklin Township, Ohio, he observed a vehicle, which was operated by appellant, traveling in excess of the thirty-five m.p.h. posted speed limit. Sgt. Dunbar activated his radar unit and received a speed-reading of fifty-one m.p.h. Sgt. Dunbar proceeded to make a U-turn and eventually effectuated a traffic stop in a private driveway. According to Sgt. Dunbar, he "didn't have his overhead lights on until [he] was * * * behind [appellant] while [appellant] was making his turn, so [appellant] didn't realize [that he had his] lights on up until that particular point." Sgt. Dunbar exited his auto and explained to appellant the reason for the stop. He testified that appellant just stared at him and was unresponsive.
Upon conversing with appellant, Sgt. Dunbar detected a distinct and strong odor of alcohol, and his eyes appeared glassy. Once Sgt. Dunbar and appellant arrived at the police post, Sgt. Dunbar noticed that appellant was slurring some of his words. Based on his observations, Sgt. Dunbar performed three field sobriety tests on appellant. The tests that were administered, which appellant failed, were the walk and turn test, the one-leg stand test, and the horizontal nystagmus test. Sgt. Dunbar opined that appellant was under the influence of alcohol, and he proceeded to arrest appellant. On cross-examination, Sgt. Dunbar admitted that he did not witness appellant weaving or driving recklessly.
The jury did not hear the testimony of appellant's expert witness, Attorney Mark Gardner ("Attorney Gardner"). He was going to testify about the administration of field sobriety tests by state troopers. However, appellant proffered the scope and substance of Attorney Gardner's testimony into the record after discussing his qualifications in the area of field sobriety testing. After hearing an outline of Attorney Gardner's testimony, the trial court ruled that he would not be allowed to testify since he had not been called as a witness at the hearing on the pretrial motions.[1]
On December 14, 1999, the jury found appellant guilty of driving under the influence, and the trial court found appellant guilty of speeding. On December 15, 1999, appellant was sentenced to one hundred eighty days in jail and fined $450. However, one hundred seventy-seven days of the sentence and $250 of the fine were suspended on the condition that appellant attend DUI school, have no alcohol-related driving offenses for two years, and not drive until his license was reinstated except for occupational driving privileges. The trial court stayed the imposition of the sentence pending this appeal. Appellant timely filed the appeal and now asserts the following assignment of error:
 "The trial court erred to the prejudice of [appellant] when it prohibited [appellant] from calling an expert witness in [his] case in chief."
 Appellant's sole contention is that the trial court erred in not allowing his expert witness, Attorney Gardner, to testify. Specifically, he argues that he should be granted a new trial because he was denied his constitutional right to present a defense.
The decision to admit or exclude evidence is a matter within the sound discretion of the trial court and will not be reversed by an appellate court absent an abuse of discretion. Renfro v. Black (1990),52 Ohio St.3d 27, 32. "The term `abuse of discretion' `(* * *) connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. (* * *)' Statev. Adams (1980), 62 Ohio St.2d 151, 157 * * *." (Parallel citations omitted.) State v. Montgomery (1991), 61 Ohio St.3d 410, 413.
Evid.R. 702 governs testimony by experts and provides in part:
 "A witness may testify as an expert if all of the following apply:
 (A) The witness' testimony * * * relates to matters beyond the knowledge or experience possessed by lay persons * * *;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *"
 It appears that Attorney Gardner would have testified that Sgt. Dunbar's field sobriety test results were unreliable as evidence to convict appellant for driving while under the influence of alcohol. However, the reliability of several field sobriety tests was discussed by the Supreme Court of Ohio in State v. Bresson (1990), 51 Ohio St.3d 123. The Bresson court held that expert testimony concerning the reliability of one particular field sobriety test, the horizontal gaze nystagmus test, was not required to admit the results of that test into evidence. Id. at 129. Instead, test results are admissible upon a showing that the police officer possessed the training and ability to administer the test. Id.; see, also, State v. Homan (2000), 89 Ohio St.3d 421, 425. In a marginal case, where information as to the reliability of an officer's administration and grading of field sobriety tests is open to debate, knowledge regarding test reliability may provide reasonable doubt as to whether the accused was under the influence of alcohol and, therefore, is a proper subject to be addressed by the defense through an expert witness. State v. Browne (June 27, 1997), Lake App. No. 96-L-121, unreported, at 3, 1997 WL 401543.
Here, however, we do not have a marginal case. There was testimony by Sgt. Dunbar that he noticed, upon conversing with appellant, a strong odor of alcohol, glassy eyes, and slurred speech. Furthermore, given the time of night and appellant's unresponsiveness, Sgt. Dunbar further investigated the matter and concluded that appellant was intoxicated.
Thus, even if we were to decide that Attorney Gardner's testimony would have aided the trier of fact in understanding the subtleties of field sobriety testing, this evidence alone would not have necessarily made appellant's conviction for driving under the influence less likely. Consequently, while it may have been error to exclude the testimony of Attorney Gardner, a witness who would have given insight into the area of field sobriety testing, it is our view that this exclusion was not prejudicial to appellant as sufficient evidence of his intoxicated state was apparent from the record. See State v. Williams (1983),6 Ohio St.3d 281, 290-291; see, also, State v. Neff (1957), 104 Ohio App. 289, 291-292
(observations by arresting officer that the defendant's eyes were glassy and bloodshot, his speech slurred and that a strong odor of alcohol emanated from the defendant were sufficient to support a finding that the defendant was under the influence of alcohol).
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division is affirmed.
O'NEILL, P.J., NADER, J., concur.
[1] If Attorney Gardner had testified, he would have stated that Sgt. Dunbar had not administered the field sobriety tests in an appropriate manner. Also, he would have declared that, in this case, the location of the tests was improper and that the test results were inaccurate. He would have further testified that frequently improper test procedures result in wrongful charges and convictions of driving under the influence.