THE STATE OF OHIO, APPELLANT, *v.* O'BRIEN, APPELLEE.

[Cite as State *v.* O'Brien (1987), 34 Ohio St. 3d 7.]

(No. 86-2005—Decided December 9, 1987.)

8

*Barbara B. H. Petersen,* assistant prosecuting attorney, for appellant.

*David H. Williams,* for appellee.

HOLMES, J. The sole issue presented here is whether a written waiver by a criminal defendant of his right to a speedy trial as provided in R.C. 2945.71 may also amount to a waiver of his speedy trial rights as guaranteed by the United States and Ohio Constitutions. For the reasons which follow, we answer such query in the affirmative, provided the defendant is tried within a reasonable time under all of the attendant circumstances.

The defendant herein was charged with a violation of R.C. 4511.19(A), a first-degree misdemeanor. R.C. 4511. 99(A). As we noted in *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, 200, 10 O.O. 3d 363, 364, 383 N.E. 2d 579, 581:

"The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer* v. *North Carolina* (1967), 386 U.S. 213, 41 O.O. 2d 168. This same right is assured an accused party by Section 10, Article I of the Ohio Constitution."[2]

The General Assembly, in its attempt to prescribe reasonable speedy trial periods consistent with these constitutional provisions, see *Barker* v. *Wingo* (1972), 407 U.S. 514, 523, enacted R.C. 2945.71 which provides, in part:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

* * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; * * *"

---

[2] Section 10, Article I of the Ohio Constitution provides, in pertinent part:

"* * * In any trial, in any court, the party accused shall be allowed * * * to have

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

We have determined that "* * * R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." State v. Pachay (1980), 64 Ohio St. 2d 218, 18 O.O. 3d 427, 416 N.E. 2d 589, syllabus; see, also, State. v. Pudlock (1975), 44 Ohio St. 2d 104, 73 O.O. 2d 357, 338 N.E. 2d 524. Thus, for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive.

Of course, the accused may waive his constitutional right to a speedy trial, provided such waiver is knowingly and voluntarily made. Barker v. Wingo, supra, at 529. Similarly, an accused, or his counsel, may validly waive the speedy trial provisions of R.C. 2945.71 et seq. State v. McBreen (1978), 54 Ohio St. 2d 315, 8 O.O. 3d 302, 376 N.E. 2d 593; Westlake v. Cougill (1978), 56 Ohio St. 2d 230, 10 O.O. 3d 382, 383 N.E. 2d 599. It follows, then, that a knowing, voluntary, express written waiver of an accused's statutory speedy trial rights may equate with a waiver of the coextensive constitutional rights, at least for the time period provided in the statute.

However, although the statutory and constitutional speedy trial provisions are coextensive, the constitutional guarantees may be found to be broader than speedy trial statutes in some circumstances. As we noted in State v. Ladd, supra, at 201, 10 O.O. 3d at 365, 383 N.E. 2d at 582:

"* * * [I]t is clear that there may be situations wherein the statutes do not adequately afford the protection guaranteed by the federal and state constitutions, in which case it is our duty to see that an accused receives the protection of the higher authority * * *."

The question thus becomes whether, under the circumstances of this case, the defendant's express speedy trial waiver remained effective throughout the period of delays occasioned by the state. The waiver given by the defendant was unlimited in duration. In addition, the record fails to show any formal objections being made by the defendant to the court's continuance on August 22, 1985 or the state's continuance on October 21, 1985.[3] We hold that, following an express written waiver of unlimited duration by an accused of his speedy trial rights the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time. Cf. State v. Butler (1969), 19 Ohio St. 2d 55, 48 O.O. 2d 77, 249 N.E. 2d 818, paragraph one of the syllabus; State v. Cross (1971), 26 Ohio St. 2d 270, 55 O.O. 2d 495, 271 N.E. 2d 264, paragraph two of the syllabus.[4]

The trial court is charged with the duty of scheduling trials, and it would seem to be reasonable to require the defendant to formally inform the court

---

[3] The record reveals that the only objection was made to an assistant to the prosecutor by phone.

[4] In Barker v. Wingo (1972), 407 U.S. 514, at 528, the Supreme Court stated: "* * * We think the better rule is that

of an objection to a further continuance, and a reassertion of the defendant's right to a speedy trial. Otherwise the trial court may reasonably rely upon the written waiver of speedy trial as filed within the case. Defendant here made no such objection or demand for trial, and his initial waiver thus remained effective.

Finally, even were we to decide that the defendant here renewed his speedy trial rights by objecting to the assistant prosecutor over the phone, it is clear he was brought to trial within a reasonable time. The United States Supreme Court set out a balancing test to determine such speedy trial issues in *Barker* v. *Wingo, supra,* at 530:

"* * * We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (Footnote omitted.)

The initial consideration is that of the specific delay occasioned by the state. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* It appears from the record that the total delay attributable to the state is one hundred thirty-eight days, from August 22, 1985 until trial on January 7, 1986, during which time the defendant was free on his own recognizance.[5] We do not regard such delay "presumptively prejudicial" under these circumstances.

The judgment of the court of appeals must be reversed, and the defendant's conviction and sentence reinstated.

*Judgment reversed.*

MOYER, C.J., LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., dissents.

SWEENEY, J., dissenting. In my opinion, the majority's requirement that reassertion of constitutional rights to a speedy trial may only be accomplished by a formal written objection and demand for trial is both unreasonable and unnecessary; therefore, I must dissent from the majority decision herein.

The most troubling aspect of today's decision is that it exalts administrative convenience over fundamental constitutional rights guaranteed by both the United States and Ohio Constitutions. I do not believe that the syllabus set forth by the majority is the logical product of the reasoning employed by the high court in *Barker* v. *Wingo* (1972), 407 U.S.

---

the defendant's assertion of or failure to assert his right to a speedy trial is [merely] one of the factors to be considered in an inquiry into the deprivation of the right."

The court then commented that to condition the Sixth Amendment right to a speedy trial upon the demand of the accused would be too harsh and insensitive a treatment for this fundamental right. However, *Barker* did not deal with an express waiver of that right by the accused. Indeed, the court noted:

"* * * We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside." *Id.* at 529.

[5] The record also reveals that defendant's driver's license was under suspension during this time *due to an erroneous judgment entry,* of which defendant had notice but took no steps to remove.

514; likewise, I do not believe that such a holding follows the spirit of this court's prior pronouncements in cases such as *State* v. *Pachay* (1980), 64 Ohio St. 2d 218, 18 O.O. 3d 427, 416 N.E. 2d 589.

Unfortunately, while today's majority opinion may save one conviction for the state, it may result in more administrative problems in future criminal cases. Given this decision, criminal lawyers and their clients may be more hesitant in signing the standard speedy trial waiver forms because another standard form will now be required to revoke the prior form and to reassert one's constitutional right to a speedy trial. Such may lead to a "bureaucratization" of the constitutional guarantee, since the assertion or reassertion of a constitutional right is reduced to a veritable "battle of the forms" that was once reserved almost exclusively to the areas of contract and commercial law.

In sum, I feel that this decision does nothing more than undermine the intent of the framers of the federal and state Constitutions. Certainly the constitutional right to a speedy trial should not exist as an uncertain mine field where one misstep or failure to file a form by the unwary will result in the denial of a fundamental constitutional right. In my view, the protection of a citizen's constitutional rights is but one consideration that the state must be cognizant of when bringing an accused to justice. However, the protection of constitutional rights should take place at all times in the criminal prosecutorial process, and not be restricted to those times where an accused asserts or reasserts, formally and in writing, the rights guaranteed by the state or federal Constitution.

Based on these reasons, I would affirm the decision of the court of appeals.