OPINION
Appellant Edward A. Johnson, Jr., appeals a judgment of the Muskingum County Common Pleas Court convicting him of felonious assault (R.C. 2903.11) (A)(2)), upon a plea of guilty, and denying his motion to withdraw his plea of guilty:
ASSIGNMENTS OF ERROR
 I. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY VIOLATING DEFENDANT-APPELLANT'S STATUTORY RIGHTS UNDER O.R.C. 2945.71 ET SEQ. AS WELL AS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION WHEN IT KEPT DEFENDANT-APPELLANT IMPRISONED BEYOND THE STATUTORY PERIOD AND BEYOND ANY REASONABLE TIME BEFORE A TRIAL WAS GRANTED.
 II. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY ABUSING ITS DISCRETION AND VIOLATING DEFENDANT-APPELLANT'S STATUTORY RIGHTS UNDER CRIMINAL RULE 11 (C) WHEN IT DENIED HIS REQUEST TO WITHDRAW HIS PLEA OF GUILTY AND BE TRIED BEFORE A JURY OF HIS PEERS.
Trooper McDonald of the Ohio State Highway Patrol observed appellant traveling at a high rate of speed on State Route 146 in Muskingum County. The trooper activated his radar, and found appellant to be traveling 70 miles per hour in a 55 mile per hour zone. The trooper positioned himself behind appellant, and activated his overhead lights to facilitate a traffic stop. Appellant failed to stop, and accelerated his vehicle to a speed of 80 miles per hour. A taxi cab pulled off on the berm, and appellant traveled left of center to avoid colliding with the cab. At Swing-A-Long Lane, appellant turned right, and pulled into the first residence. As the trooper exited his patrol car, appellant got out of his vehicle, carrying a shot gun. The trooper immediately retreated and ordered appellant to drop the weapon. Appellant moved to the rear of his vehicle with the shotgun at his side, pulled the gun to his hip, and leveled it at the trooper. The trooper repeatedly asked appellant to put the weapon down. Appellant asked the trooper to move his car, stating, "It's either you or me." The trooper continued to converse with appellant, moving closer until he was finally close enough to grab the barrel of the shotgun. The trooper pushed appellant against the car, continuing to struggle for control of the shotgun. Finally, the trooper was able to open the breach of the shotgun and pull the shell out of the chamber. Appellant would not release his hold on the shotgun until he was maced and struck on the hand with a flashlight. After the trooper gained control of the gun, appellant fell into his car, saying "You have got my shotgun, but I have got another one." Appellant produced a .22 caliber semi-automatic rifle. Another struggle ensued as the trooper attempted to render the gun inoperable by locking the magazine. During the struggle, with the barrel near Trooper McDonald's face, a round went off. Eventually appellant gave up, saying, "Okay, you got me." Appellant was charged with felonious assault, with two accompanying gun specifications. He initially entered a plea of not guilty by reason of insanity. Following a psychiatric examination, appellant was found competent to stand trial. On October 6, 1998, appellant entered a plea of guilty. Sentencing was deferred, as appellant was to undergo a psychiatric evaluation. Before sentencing, appellant filed a motion to withdraw his guilty plea. The motion was denied. Appellant was sentenced to five years intensive community control, and six months house arrest.
 I
Appellant argues that his speedy trial rights were violated, as he was held for more than 700 days without trial. For purposes of bringing an accused to trial, R.C. 2945.71 et seq. and the constitutional guarantees of both the United States and Ohio Constitutions are coextensive. State v. O'Brien (1987), 34 Ohio St.3d 7,9. A plea of guilty waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C.2945.71 (B). State v. Kelley (1991), 57 Ohio St.3d 127 at paragraph one of the syllabus. As appellant entered a plea of guilty in the instant case, he has waived his speedy trial claim. Further, on July 29, 1997, appellant filed a written waiver of his right to speedy trial. Following an express written waiver, the accused is not entitled to a discharge for delay in bring him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time. O'Brien, 34 Ohio St.3d, at paragraph two of the syllabus. Appellant claims he made such demand by his motion to dismiss, filed September 16, 1998. Appellant entered his guilty plea less than a month later, on October 6, 1998. Therefore, he was brought to trial within a reasonable time following his written objection. The first assignment of error is overruled.
 II
Appellant argues that the court did not give full and fair consideration to his motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing; however, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. The decision to grant or deny the pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. In the instant case, appellant claimed that he was pressured by his mother to enter a plea of guilty so he would be home in time for Christmas. He also initially claimed that he believed that he would receive treatment before sentencing under the plea agreement, which did not occur. However, at the hearing, appellant admitted that he did not want to withdraw the plea because he had not been sent for treatment. Tr. 23. Appellant's claim that the court did not give consideration to his motion is patently without merit. The court conducted a hearing, at which the prosecutor, defense counsel, and the court all questioned appellant. Further, in the judgment entry overruling the motion to withdraw, the court stated that it had reviewed the transcript of the plea hearing, which reveals that appellant was fully advised of his legal and constitutional rights. The court further stated that appellant's claim that he did not fully understand was not credible, and that he had merely changed his mind concerning the plea. The court did not abuse its discretion in overruling the motion to withdraw. The court advised appellant of his rights at the change of plea hearing, and questioned him concerning his understanding of the nature of the charges, his possible defenses, and his understanding concerning sentencing. Further, at the withdrawal of plea hearing, while appellant claimed he felt pressured by his mother to enter a plea of guilty, he also admitted to the court that he remembered being advised of the rights he was waiving by the plea of guilty, and had told the court at the time that he understood those rights. Tr. 27-28. The second assignment of error is overruled.
The judgment of the Muskingum County Common Pleas Court is affirmed.
By Gwin J., Wise, P.J., and Hoffman, J., concur