OPINION
Defendant-appellant, Franklin Daniel Evans, appeals his conviction in the Butler County Area III Court for assault.
On July 26, 1996, appellant was arrested by the Butler County Sheriff's Office on a complaint for assault, a first degree misdemeanor. On July 29, 1996, appellant was arraigned in trial court. Appellant requested a continuance in order to obtain counsel. He signed a "Motion for Continuance and Express Waiver of All Time Requirements," which was granted by the trial court. Appellant was released on his own recognizance and ordered to reappear on August 12, 1996.
On August 12, 1996, appellant requested another continuance in order to obtain counsel. Appellant signed an "Express Waiver of All Time Requirements," and the case was continued until August 19, 1996. On August 19, 1996, appellant appeared with counsel. Appellant's counsel requested a continuance which was granted. Appellant's counsel signed another time waiver on appellant's behalf, and the case was continued until September 30, 1996. On September 5, 1996, appellant filed motions for discovery and a bill of particulars which the state answered on October 3, 1996.
On September 30, 1996, appellant appeared in court with counsel. Appellant requested a continuance. Appellant's counsel signed another time waiver on appellant's behalf, and the case was continued until October 21, 1996. On October 1, 1996, appellant filed a jury demand.
A jury trial was scheduled for February 4, 1997, and the trial court subpoenaed witnesses. On January 10, 1997, appellant's counsel filed a motion to withdraw because appellant had failed to pay counsel. Appellant was ordered to appear on January 13, 1997 for a hearing on the motion. Appellant failed to appear, and his counsel's motion was granted. Appellant failed to appear for trial. A warrant was issued for appellant's arrest.
On March 3, 1997, appellant was arrested on the warrant and brought before the trial court. Appellant requested a continuance to obtain counsel, and signed a motion for continuance and time waiver. A continuance was granted until March 24, 1997. On that date, appellant appeared with counsel and asked for a continuance. Appellant's counsel and appellant signed a time waiver, and the case was continued until June 12, 1997. Appellant was ordered to appear on May 5, 1997 for a pre-trial conference. On April 29, 1997, the trial court again subpoenaed witnesses. Appellant failed to appear for the pre-trial conference, and a warrant for his arrest was issued.
In the latter part of 1997, the prosecutor's office received a phone call from a person claiming to be the secretary for appellant's counsel. This person told the prosecutor that appellant was in prison at that time. The prosecutor waited to receive written notice of appellant's incarceration from appellant or his counsel, as must be given pursuant to R.C. 2941.401, but no such notice was sent.
On September 30, 1998, appellant was arrested and brought before the trial court. On September 14, 1998, appellant asked for a continuance in order to retain counsel. Appellant signed a time waiver, and the case was rescheduled for September 28, 1998. On that date, appellant appeared, requested appointed counsel, and requested another continuance so the court could appoint counsel. Appellant signed another time waiver, and the case was continued until October 12, 1998.
On October 8, 1998, appellant filed a motion to dismiss for lack of a speedy trial. On October 19, 1998, the state filed a memorandum in opposition to appellant's motion. That same day, appellant filed another motion for continuance and time waiver. The trial court held a hearing on appellant's motion. On October 23, 1998, appellant filed a supplemental memorandum in support of his motion to dismiss, to which the state responded on November 6, 1998.
On November 10, 1998, the trial court filed an entry overruling appellant's motion. The trial court found that appellant had waived his right to a speedy trial. Appellant then entered a plea of no contest to the assault charge and was found guilty. Appellant was sentenced to pay a $750 fine, $400 suspended, and restitution and ordered to serve one hundred and twenty hours of community service. The court also required "two years good behavior," and two years of non-reporting probation. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING HIS MOTION TO DISMISS, EVEN THOUGH THE STATE FAILED TO BRING DEFENDANT-APPELLANT TO TRIAL ON A MISDEMEANOR CHARGE WITHING [sic] NINETY DAYS AFTER HIS ARREST.
Assignment of Error No. 2:
 THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HIS MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS WHEN IT HELD THAT A TIME WAIVER EXECUTED AFTER THE NINETY DAY PERIOD WITHIN WHICH HE MUST BE BROUGHT TO TRIAL
 EXPIRED ACTED RETROACTIVELY TO TOLL THE TIME FOR SPEEDY TRIAL.
 In his two assignments of error, appellant contends that the trial court erred by overruling his motion to dismiss on speedy trial grounds. Appellant contends that the state failed to exercise reasonable diligence to secure his presence at trial, and that the trial court erred in finding that he had waived his right to a speedy trial.
R.C. 2945.71, the statutory speedy trial provision, is coextensive with the speedy trial rights as guaranteed by theSixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. State v. King (1994),70 Ohio St.3d 158, 160, citing State v. O'Brien (1987), 34 Ohio St.3d 7. R.C. 2945.71 provides, in relevant part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
 The time mandate of R.C. 2945.71 may be extended pursuant to R.C. 2945.72:
 The time within which an accused must be brought to trial * * * may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
 The right to a speedy trial may be waived, so long as that waiver is knowingly and voluntarily made. King, 70 Ohio St.3d at 160, citing O'Brien, 34 Ohio St.3d 7.
 Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused filed a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.
 King at paragraph two of the syllabus. When an accused fails to appear in court as ordered, the accused may not invoke his right to speedy trial for the period of time from his initial arrest to the date he is subsequently rearrested. State v. Bauer (1980), 61 Ohio St.2d 83, 84-85.
The right to a speedy trial of an accused imprisoned while other charges are pending against the accused is set forth in R.C.2941.401:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 If an imprisoned accused fails to comply with the requirements of R.C. 2941.401, he may not avail himself of its one hundred and eighty-day mandate. State v. Grinnel (1996), 112 Ohio App.3d 124, 132-133, appeal dismissed, 77 Ohio St.3d 1474 and 1475; State v. Brown (1992), 84 Ohio App.3d 414, 423, appeal dismissed (1993), 66 Ohio St.3d 1467.
Appellant was arrested on July 26, 1996. Initially, he had to be brought to trial by October 24, 1996. But beginning just three days after his arrest, appellant was responsible for every delay in the proceedings. At his request, he was granted nine continuances. Appellant failed to appear at three court-ordered appearances: the hearing on his counsel's motion to withdraw, the first trial date, and the pre-trial conference. These periods of time must be counted against appellant. Bauer,61 Ohio St.3d at 84-85.
For a significant period of time, appellant was completely out of touch with the prosecutor and the trial court. Appellant claims that he was imprisoned during that time, but no notice as required by R.C. 2941.401 was received by either the prosecutor or trial court. Nor did appellant present any evidence that he attempted to serve such notice on either the prosecutor or the trial court. Appellant may not invoke R.C. 2941.401 on his behalf. Grinnel, 112 Ohio App.3d at 132-133.
Moreover, appellant signed nine separate time waivers, all of which expressly stated that he was waiving the time requirements imposed by statute and his right to a speedy trial. Appellant's argument that the trial court found that his final waiver was retroactive to some previous occasion ignores the fact that appellant repeatedly signed time waivers over a twenty-seven month period, without any objection to further continuances. O'Brien, 94 Ohio St.3d at paragraph two of the syllabus.
We find that appellant voluntarily waived his right to a speedy trial. Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.