OPINION
Appellant State of Ohio appeals the decision of the Morrow County Court that granted Appellee Harold Faust's motion to dismiss. The following facts give rise to this appeal. On May 29, 1999, an officer from the Cardington Police Department arrested appellee for violating a protection order and resisting arrest. On June 1, 1999, patrolman Jason LeFrancois filed a complaint containing the above two charges. Appellee appeared before the court, for an initial appearance, on June 3, 1999. Appellee entered a plea of not guilty to both charges and requested court-appointed counsel. The trial court set the matter for trial on June 17, 1999. Subsequently, appellee filed a demand for a jury trial and a motion for extension of time to have the case scheduled for a jury trial. In addition to these documents, appellee also filed a written time waiver. Thereafter, the trial court scheduled the matter for a jury trial on July 21, 1999. Appellee's trial commenced as scheduled. Following deliberations, the jury convicted appellee of resisting arrest. The trial court sentenced appellee to a jail term of sixty days in the Morrow County Jail with credit for fifty-four days previously served. However, the jury was unable to reach a verdict on the charge of violation of a protection order. The trial court declared a hung jury and rescheduled the matter for another jury trial on September 15, 1999. Appellee's trial commenced on September 15, 1999. However, the trial court had to declare a mistrial because the transport officer delivered appellee, to the courtroom, in handcuffs and shackles in front of the jury. The trial court rescheduled this matter for jury trial on September 22, 1999. Immediately following the mistrial, appellee's counsel moved the trial court to dismiss the case on the basis that appellee was denied his constitutional right to a speedy trial. Appellee's counsel filed a memorandum in support of the motion to dismiss on September 17, 1999. On September 22, 1999, the trial court issued its decision granting appellee's motion to dismiss. Appellant State of Ohio timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 I. THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT-APPELLEE'S MOTION TO DISMISS THE COMPLAINT ON THE GROUNDS THAT HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WAS VIOLATED.
 I
In its sole assignment of error, Appellant State of Ohio contends the trial court erred when it granted appellee's motion to dismiss on the basis that appellee was denied his constitutional right to a speedy trial. We agree. In the judgment entry granting appellee's motion to dismiss, the trial court addressed the following factors in determining whether appellee was denied his constitutional right to a speedy trial: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his speedy trial rights; and (4) the prejudice to the defendant. The trial court concluded that appellee's motion to dismiss should be granted because of oppressive pretrial incarceration and anxiety suffered by appellee as a result of the delay. Judgment Entry, Sept. 28, 1999, at 3. The record indicates appellee filed a written time waiver, with the trial court, on June 17, 1999. In the written waiver, appellee acknowledged that he knowingly and voluntarily waived his right to trial within the time provided by law and moved the trial court for an extension of time to have the case set for a jury trial in the usual course of court business. In the case of State v. O'Brien (1987), 34 Ohio St.3d 7, the Ohio Supreme Court addressed the issue of an express written time waiver, as applied to a defendant's constitutional speedy trial rights, and the procedure required to revoke such waiver. The Court held:
 1. An accused's express written waiver of his statutory rights to a speedy trial as provided in R.C. 2945.71 et seq., if knowingly and voluntarily made, may also constitute a waiver of the coextensive speedy trial rights guaranteed by the CUnited States and Ohio Constitutions. Id. at paragraph one of the syllabus.
 2. Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time. Id. at paragraph two of the syllabus. Based on our review of the record, we conclude appellee signed a knowing and voluntary express, written time waiver of his constitutional right to a speedy trial. The record also indicates appellee never filed a formal written objection and demand for trial. Instead, appellee orally moved to dismiss this matter, on September 15, 1999, after the trial court declared a mistrial. Subsequently, appellee filed a memorandum in support of his motion to dismiss on September 17, 1999. Thus, appellee's time waiver was still in effect, at the time the trial court dismissed this matter, because appellee did not follow the mandates of O'Brien by filing a formal written objection and demand for trial. Even if we were to determine that appellee effectively revoked his written time waiver on September 15, 1999, the record indicates the trial court rescheduled this matter for trial on September 22, 1999, only one week after declaring a mistrial which is clearly within a reasonable time.
Accordingly, appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Morrow County Court, Morrow County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
Edwards, P.J., and Milligan, V. J., concur.