DISSENTING OPINION
On this appeal from an order of Lyndhurst Municipal Judge Robert J. Grogan, I must respectfully dissent because I cannot support the majority's conclusion that Abriani's lawyer waived his client's statutory speedy trial rights when he submitted a written plea of not guilty that also contained the words Waiver of time and ALS hearing. The majority makes its waiver determination based not only on the document, but on inferences drawn from surrounding circumstances. I question how one finds an express waiver based upon a record that requires an undergirding of circumstantial evidence.[1]
The majority's reliance on State v. O'Brien (1987), 34 Ohio St.3d 7,516 N.E.2d 218, is misplaced because in that case the Ohio Supreme Court required that a waiver of speedy trial rights must be expressly written or in some form that can be conclusively
determined from the record. (Emphasis added.) State v. King
(1994), 70 Ohio St.3d 158, 161, 637 N.E.2d 903, 906 (citingO'Brien). A waiver of Abriani's speedy trial rights cannot be conclusively determined from the record when his lawyer's cryptic written statement must be analyzed in light of that lawyer's subsequent conduct.
The majority inferred the waiver of Abriani's rights on the grounds that his lawyer submitted a contemporaneous notice of unavailability for trial, and the failure to demand a trial or object to one not being scheduled, before filing his motion to dismiss in January of 1999. Neither circumstance transmogrifies the lawyer's ambiguous statement into a waiver of his client's rights under R.C. 2945.71.
The majority concludes that a continuance beyond August 7, 1998 required a waiver of Abriani's speedy trial rights but they are incorrect because R.C. 2945.72 provides only an extension of the time limits set forth in R.C. 2945.71 for continuances attributable to the defendant. An extension of the speedy trial period is not a waiver of unlimited duration, nor can it be evidence of such a waiver; under R.C. 2945.72 the extension lasts only as long as the corresponding delay. Therefore, even though the lawyer's unavailability necessitated an extension of the speedy trial deadline, his conduct did not waive Abriani's speedy trial rights, nor was it direct or circumstantial evidence supporting an express waiver of those rights.
Moreover, the majority's holding that Abriani's constitutional speedy trial rights were not violated because he did not demand trial or revoke his alleged waiver prior to filing his motion dismiss cannot be used to support an initial waiver of Abriani's statutory rights. The duty to revoke a waiver and demand trial must be preceded by an express, written waiver of unlimited duration * * *. O'Brien, paragraph 2 of the syllabus. Absent a valid waiver Abriani had no duty to anything other than what he did; move for dismissal at or prior to the commencement of trial * * *. R.C. 2945.73(B).
I am concerned that the majority opinion will encourage judges to find waivers of rights in other situations where waiver is neither intended nor conclusively shown. Furthermore, while the opinion may be designed to motivate lawyers to choose words more carefully, I fear it will incite distrust and confusion over whether a defense lawyer can extend the speedy trial deadline without waiving his client's statutory rights. Abriani did not submit an unambiguous waiver of his speedy trial rights and I would reverse his conviction.
[1] Black's Law Dictionary, fourth edition, defines express as: Clear; definite; explicit; unmistakable; not dubious or ambiguous. * * * Manifested by direct and appropriate language, as distinguished from that which is inferred from conduct.