DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, David Leslie, appeals from his convictions for aggravated robbery, aggravated burglary, and felonious assault in the Lorain County Court of Common Pleas. We affirm.
On February 1, 2000, the Lorain County Grand Jury indicted Defendant on six separate counts: (1) aggravated robbery, in violation of R.C.2911.01(A)(2); (2) aggravated burglary, in violation of R.C. 2911.11(A)(1); (3) two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and (2); and (4) two counts of kidnapping, in violation of R.C.2905.01(A)(2). Each charge had a firearm specification.
Defendant made a Crim.R. 29 motion for acquittal and the trial court granted this motion as it pertained to the kidnapping charges. The jury found Defendant guilty of aggravated robbery, aggravated burglary, and felonious assault. Following the jury's verdict, the trial court sentenced him accordingly. Defendant failed to timely file a notice of appeal; however, this court granted Defendant's motion for a delayed appeal. On appeal, Defendant raises two assignments of error for review.
 ASSIGNMENT OF ERROR I [Defendant's] statutory and constitutional rights to a speedy trial were violated when he was not brought to trial within the time allowed by R.C. 2945.71 et seq. * * *
In his first assignment of error, Defendant avers that he was denied his right to a speedy trial because his trial was held outside the time limits outlined by R.C. 2945.71, et seq. We disagree.
When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v.Thomas (Aug. 11, 1999), Lorain App. No. 98CA007058, unreported, at 4.
According to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." When computing the time for purposes of applying R.C.2945.71(C), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.71(E).
The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with constitutional speedy trial provisions. State v. O'Brien (1987), 34 Ohio St.3d 7, paragraph one of the syllabus. Therefore, an express written waiver of one's statutory rights to a speedy trial, made knowingly and voluntarily, may also waive one's speedy trial rights guaranteed by the United States and Ohio Constitutions. Id. See, also, Barker v. Wingo
(1972), 407 U.S. 514, 529, 33 L.Ed.2d 101, 116.
The record indicates that on December 9, 1999, Lorain police officers arrested Defendant. Thereafter, on February 14, 2000, Defendant executed a waiver of his statutory time for a speedy trial pursuant to R.C. 2945.71,et. seq. This waiver was unlimited in duration as it did not mention a specific time period. See O'Brien (1987), 34 Ohio St.3d 7, paragraph two of the syllabus. Accord In re Fuller, (Dec. 14, 1994), Summit App. No. 16824, unreported, at 4-5. Additionally, once an accused has made an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." O'Brien, 34 Ohio St.3d at paragraph two of the syllabus.
On March 24, 2000, Defendant moved to suppress any statements made by him regarding this case. We note that a defendant's motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion, as long as the trial court's disposition occurs within a reasonable time. State v. Arrizola
(1992), 79 Ohio App.3d 72, 76. Subsequently, on May 25, 2000, Defendant filed a revocation of his waiver of his right to a speedy trial. Ordinarily, Defendant's revocation would require the State to bring him to trial within a reasonable time. See O'Brien, 34 Ohio St.3d at paragraph two of the syllabus. However, Defendant's motion to suppress was still pending and, therefore, tolled the speedy trial clock.
The record further reflects that a subsequent waiver of Defendant's speedy trial was made prior to the trial court's disposition of the motion to suppress. Specifically, on August 15, 2000, a journal entry was issued by the court, and stated that "[t]he parties are awaiting the court's decision on suppression motion" and "Defendant waives statutory time for speedy trial pursuant to [R.C.] 2945.71 et. seq." This journal entry was signed by Defendant's counsel, the prosecutor, and the judge. Although Defendant did not sign this journal entry, he is still bound by his attorney's waiver. A defendant's right to be brought to trial within the statutory limits may be waived by his counsel, and the defendant is bound by the waiver. State v. McRae (1978), 55 Ohio St.2d 149, 151; State v.McBreen (1978), 54 Ohio St.2d 315, syllabus. See, also, State v.Lothridge (Apr. 17, 1991), Lorain App. No. 90CA004878, unreported, at 8 (holding that defendant's speedy trial rights were waived when defendant's attorney, the prosecutor, and the judge signed a journal entry containing the waiver language). Consequently, the only timeframe that was neither subject to a waiver nor tolled was the time between Defendant's arrest and his initial waiver. We find that this timeframe consists of 66 days and, thus, falls well within the statutory requirements. Accordingly, the trial court did not violate Defendant's right to a speedy trial. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II [Defendant] was denied his federal and state constitutional rights to the effective assistance of counsel when counsel failed to make a motion to dismiss the case due to the violation of [Defendant's] speedy trial rights under R.C. 2945.71 et seq. * * *
In his second assignment of error, Defendant argues that he was denied effective assistance of counsel when his attorney failed to make a motion to dismiss the charges pursuant to the statutory speedy trial requirements of R.C. 2945.71, et seq. Defendant's argument is not well taken.
The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." See State v. DeNardis (Dec. 29, 1993), Medina App. No. 2245, unreported, at 4.
As this court finds that Defendant's right to a speedy trial was not violated, his counsel did not err in failing to make a motion to dismiss pursuant to R.C. 2945.71, et seq. See State v. Clary (1991),73 Ohio App.3d 42, 49 (finding that defendant waived right to a speedy trial; therefore, a motion to dismiss would be without merit and defense counsel "did not * * * violate any essential duty to his client"). Therefore, Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The convictions of the Lorain County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J. CONCUR