DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Desimen Wright, appeals from his convictions in the Lorain County Court of Common Pleas for rape and falsification. We affirm.
 {¶ 2} On March 20, 2002, the Lorain County Grand Jury indicted Defendant on three separate counts: (1) two counts of rape, in violation of R.C. 2907.02(A)(2); and (2) falsification, in violation of R.C.2921.13(A). Prior to the commencement of the jury trial, Defendant moved to dismiss his case and argued that the State failed to comply with the speedy trial statutory guidelines. The trial court denied his motion. The jury found Defendant guilty on all three counts, and the trial court sentenced him accordingly. Defendant now timely appeals and raises seven assignments of error for review. For purposes of review, we will address assignments of error one, two, four, and five together.
 ASSIGNMENT OF ERROR I
"[Defendant] did not receive a fair trial by virtue of repeated use of the term `victim' by the [t]rial [c]ourt, [p]rosecution, and [d]efense [c]ounsel in reference to Holly Wells before the jury was shown any evidence."
 ASSIGNMENT OF ERROR II
"[Defendant] did not receive a fair trial by virtue of repeated attempts by the prosecution to shift its burden of proof to [Defendant]."
 ASSIGNMENT OF ERROR IV
"[Defendant] did not receive a fair trial by virtue of repeated attacking statements by the prosecution concerning [d]efense [c]ounsel."
 ASSIGNMENT OF ERROR V
"[Defendant] did not receive a fair trial by virtue of repeated statements by the prosecution concerning the alleged [e]qual [p]rotection of the law for the alleged victim and police department."
 {¶ 3} In these assignments of error, Defendant alleges that he did not receive a fair trial and enumerates numerous bases to support his allegation. Specifically, in his first assignment of error, he alleges that the court, the prosecutor, and defense counsel used the term "victim" in reference to Holly Wells ("Wells") before any evidence was introduced that would indicate Wells was the victim. He additionally alleges that this error was not harmless. In his second assignment of error, Defendant alleges that the prosecutor impermissibly attempted to shift the burden of proof. In his fourth assignment of error, Defendant alleges that the prosecutor verbally "attacked" defense counsel, thereby resulting in prosecutorial misconduct. Finally, in his fifth assignment of error, Defendant alleges that the prosecutor continually misstated the law regarding "equal protection of the law."
 {¶ 4} An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Failure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal. State v. Self (1990),56 Ohio St.3d 73, 81; State v. Heilman (Sept. 21, 1994), 9th Dist. No. 2312-M, at 3. Upon a thorough review of the record, we find that Defendant did not enter an objection when the court and the prosecutor used the term "victim" in reference to Wells. Defendant also failed to object when the prosecutor allegedly shifted the burden of proof, verbally "attacked" defense counsel, or continually misstated the law regarding "equal protection of the law." Therefore, Defendant has waived these challenges on appeal.
 {¶ 5} Now turning to Defendant's allegation that he did not receive a fair trial as a result of his counsel's use of the term "victim," we find it to be groundless and without merit. Defense counsel did not violate any essential duty to his client; Defendant had a fair trial.
 {¶ 6} Finally, Defendant alleged that the use of the term "victim" by the court, prosecutor, and defense counsel was not harmless error. Crim.R. 52(A) defines harmless error as "any error, defect, irregularity, or variance which does not affect substantial rights [and] shall be disregarded." The defendant bears the burden to demonstrate that the alleged error affected his substantial rights. State v. Biehl (Apr. 14, 1999), 9th Dist. No. 19054, at 3. In this case, Defendant has failed to demonstrate that his substantial rights have been affected by the use of the term "victim" by the court, prosecutor, and defense counsel. Therefore, we cannot find that this was error. Nevertheless, we are compelled to note that the trial court should refrain from using the term "victim," as it suggests a bias against the defendant before the State has proven a "victim" truly exists.
 {¶ 7} Defendant's first, second, fourth, and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"[Defendant] did not receive a fair trial by virtue of a highly [i]nflammatory compact disc introduced during closing argument[s]."
 {¶ 8} In his third assignment of error, Defendant avers that the State introduced an inflammatory and prejudicial compact disc during closing arguments, which denied him a fair trial. We disagree.
 {¶ 9} The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160, 165; State v. Smith (1984), 14 Ohio St.3d 13, 14-15. "The conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives the defendant of a fair trial." State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. A reviewing court must consider the prosecutor's conduct in the context of the entire trial. See Lott, 51 Ohio St.3d at 166; Darden v. Wainwright (1986),477 U.S. 168, 181-182, 91 L.Ed.2d 144; Donnelly v. DeChristoforo (1974),416 U.S. 637, 643-645, 40 L.Ed.2d 431. As such, a reviewing court will only reverse a judgment on the basis of prosecutorial misconduct when the improper conduct deprived the defendant of a fair trial. State v. Carter
(1995), 72 Ohio St.3d 545, 557.
 {¶ 10} The State is granted latitude in closing argument, and the trial court retains the discretion as to the propriety of the argument.State v. Loza (1994), 71 Ohio St.3d 61, 78. Despite this latitude, the State may not insinuate matters that are not supported by the evidence admitted at trial, nor may it fabricate evidence to obtain a conviction.Smith, 14 Ohio St.3d at 14; McMullen v. Maxwell (1965), 3 Ohio St.2d 160,165. See, also, Mooney v. Holohan (1935), 294 U.S. 103, paragraph two of the syllabus, 79 L.Ed. 791.
 {¶ 11} In this case, the State used a compact disc during its closing argument to highlight various statements made by Marcus Whitfield ("Whitfield") to the police. After reviewing the compact disc, we find that the compact disc was improper and prejudicial to Defendant. The State did not create a compact disc that accurately reflected the statements made by Whitfield. Instead, the State, obviously completely disregarding replicating Whitfield's statements truthfully, created a tape which resembled a broken record; that is, each statement was repeated numerous times. This misconstrues the statements made by Whitfield as he did not repeat the statements over and over again. Although we recognize that the State may use various "aids" for demonstrative purposes in its closing argument, these "aids" must accurately reflect what transpired. Although we find the prosecutor's use of the compact disc improper and prejudicial, we cannot conclude that this was so prejudicial as to deprive Defendant of a fair trial in light of the evidence presented at trial. Consequently, Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"Right of [Defendant] to a speedy trial was violated."
 {¶ 12} In his sixth assignment of error, Defendant contends that his right to a speedy trial was violated because his trial was held outside the time limitation outlined in R.C. 2945.71 et seq. Defendant's contention lacks merit.
 {¶ 13} When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 11, 1999), 9th Dist. No. 98CA007058, at 4.
 {¶ 14} According to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." When computing the time for purposes of applying R.C. 2945.71(C), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.71(E).
 {¶ 15} The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with constitutional speedy trial provisions. State v. O'Brien (1987),34 Ohio St.3d 7, paragraph one of the syllabus. Therefore, an express written waiver of one's statutory rights to a speedy trial, made knowingly and voluntarily, may also waive one's speedy trial rights guaranteed by the United States and Ohio Constitutions. Id. See, also,Barker v. Wingo (1972), 407 U.S. 514, 529, 33 L.Ed.2d 101.
 {¶ 16} The record indicates that on January 17, 2002 Lorain Police officers arrested Defendant. Thereafter, on May 10, 2002, Defendant executed a waiver of his statutory time for a speedy trial pursuant to R.C. 2945.71 et. seq. This waiver was unlimited in duration as it did not mention a specific time period. See O'Brien, 34 Ohio St.3d 7 at paragraph two of the syllabus. Accord In re Fuller (Dec. 14, 1994), 9th Dist. No. 16824, at 4-5. Additionally, once an accused has made an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." O'Brien,34 Ohio St.3d 7 at paragraph two of the syllabus.
 {¶ 17} Thereafter, on June 14, 2002, Defendant amended the statutory time waiver which read "Defendant waives statutory time for speedy trial pursuant to R.C. 2945.71 et. seq." to "Defendant does not
waive statutory time for speedy trial pursuant to R.C. 2945.71 et. seq." The trial court considered this amendment as a "withdrawal of Defendant's prior time waiver." Although the trial court found that Defendant withdrew his prior time waiver, we do not agree. We conclude that Defendant did not withdraw his prior time waiver as he failed to comply with the requirements of O'Brien. Specficially, he failed to file a formal written objection, and we will not construe Defendant's inclusion of the words "does not" as a formal objection, and he failed to file a demand for trial. Therefore, his initial waiver remained in effect. Consequently, Defendant's right to a speedy trial was not violated. Defendant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR VII
"[Defendant] did not receive a fair trial by virtue of [i]mproper [l]imitation of cross-examination of [w]itness Sara Griffin regarding psychiatric disorder and psychiatric medications affection [sic.] the memory and perception of Holly Wells."
 {¶ 18} In his seventh assignment of error, Defendant alleges that the trial court erroneously granted the State's motion that denied cross-examination on the effect of Wells' psychiatric disorder and psychiatric medications on her memory and perception. As a result of his allegation that the cross-examination was improperly limited, he further alleges that he did not receive a fair trial. We disagree with Defendant's allegations.
 {¶ 19} A defendant's right to confront and cross-examine witnesses is contained in the Sixth Amendment to the United States Constitution.Delaware v. Van Arsdall (1986), 475 U.S. 673, 678-79, 89 L.Ed.2d 674. Although cross-examination is a matter of right, the "extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court." State v. Green (1993),66 Ohio St.3d 141, 147, quoting Alford v. United States (1931),282 U.S. 687, 694, 75 L.Ed. 624. See, also, State v. Treesh (2001),90 Ohio St.3d 460, 480. Accordingly, an appellate court will not disturb a trial court's determination relating to the scope of cross-examination absent an abuse of discretion and the party has illustrated a material prejudice. Bender v. Bender (July 18, 2001), 9th Dist. No. 20157, at 15;State v. Kish, 9th Dist. No. 02CA008146, 2003-Ohio-2426, at ¶ 12. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 20} Pursuant to Evid.R. 611(B), cross-examination is permitted on all relevant matters and those affecting the credibility of the witnesses. However, a trial court may impose reasonable limits based on a number of concerns, including "harassment, prejudice, confusion of the issues, the witness' safety, repetitive testimony, or marginally relevant interrogation." Van Arsdall, 475 U.S. at 679; State v. Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431, at 17.
 {¶ 21} At trial, the court granted the State's motion, which limited defense counsel's cross-examination of Sara Griffin ("Griffin"). Particularly, defense counsel was not permitted to inquire as to Wells' psychiatric disorder or psychiatric medications. Defense counsel sought to introduce this evidence as he contended that Wells' disorder and the medications affected her credibility. The trial court disagreed with defense counsel's contention and concluded that Wells' disorder "[would not] affect her credibility." Regardless of whether the testimony of Griffin would have questioned the credibility of Wells, we find that Griffin lacked the requisite personal knowledge to testify regarding psychiatric disorders and psychiatric medications or their affect on memory or perception. Without the requisite personal knowledge of the matter, "[a] witness may not testify to [that] matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." Evid.R. 602. Defendant concedes that Griffin does not have personal knowledge of psychiatric disorders or psychiatric medications, but rather "potentially [has] knowledge of psychiatric disorders and psychiatric medications." (Emphasis added.) Further, upon a review of the transcript, Defendant has not introduced any evidence "sufficient to support a finding" that Griffin has personal knowledge on the matter. See Evid.R. 602. As Griffin lacked the requisite personal knowledge concerning psychiatric disorders and psychiatric medications, we find that the trial court did not abuse its discretion by limiting cross-examination, and Defendant was not denied a fair trial. Accordingly, Defendant's seventh assignment of error is overruled.
 {¶ 22} Defendant's assignments of error are overruled. The convictions in the Lorain County Court of Common Pleas are affirmed.
Judgment affirmed.
BATCHELDER, J. CONCURS.
BAIRD, J. CONCURS IN JUDGMENT ONLY.