[Cite as *State v. Hayes*, 2012-Ohio-2500.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97289**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GERALD HAYES

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542601

**BEFORE:** Rocco, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

-i-

**ATTORNEY FOR APPELLANT**

David P. Kraus
19333 Van Aken Blvd.
Suite 112
Shaker Heights, Ohio   44122

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Gerald Hayes appeals from his convictions for burglary, possession of marijuana, and tampering with evidence.

{¶2} Hayes presents two assignments of error. He argues that the state failed to bring him to trial in a timely manner, and that his convictions are not supported by the manifest weight of the evidence.

{¶3} After a review of the record, this court finds that the state complied with R.C. 2945.71 and that the manifest weight of the evidence supports Hayes's convictions. Hayes's convictions, consequently, are affirmed.

{¶4} Hayes's convictions result from an incident that occurred on the afternoon of September 25, 2010. The state's witnesses described the incident as follows.

{¶5} Cecil Fluker worked as the "assistant property manager" for an apartment complex located in East Cleveland, Ohio. He had been napping when his cell phone rang. One of the tenants, Jermika Hudson, called to notify him that her sister's apartment, which was across the hall from Hudson's, had been invaded.

{¶6} Fluker hurried over to that building to investigate. He stepped inside long enough to observe through the inner glass door that tenant Daysjantia Williams's apartment door was open. Fluker also saw someone's head "peek" from Williams's door. At that, Fluker returned outside to watch; he asked a nearby youngster to seek shelter inside and to call the police.

{¶7} Fluker saw several men run out of the building. He recognized some of their faces, having seen them at the apartment of another tenant, viz., Denzel Crowell. Fluker followed the men as they ran to another building in the apartment complex; Crowell lived in that building. Before entering the building, one of the men raised a gun at Fluker.

{¶8} Fluker was still in place when the police arrived moments later. He pointed out Williams's apartment, showed them the building that he had seen the men enter, and informed them of Crowell's apartment number.

{¶9} East Cleveland police officer John Donitzen and his partner knocked at Crowell's apartment door. Donitzen could hear movement inside before Crowell admitted the officers.

{¶10} Donitzen observed four men with Crowell in the small apartment. They were later identified as Keith Dickson, Delmar Dale, Gregory Crayton, and Hayes. Upon seeing the officers, Dickson simply prostrated himself on the floor. Dale emerged from the bathroom, where a gun subsequently was found hidden inside the toilet tank. Crayton and Hayes were in a small bedroom; Hayes was on the floor when Donitzen entered. Hayes had his hand under the dresser.

{¶11} After all the men were secured, the officers conducted a "cold stand" and Fluker identified Hayes as the man who had pointed a gun at him. During the ensuing investigation of the incident, Dickson and Dale both acknowledged they had taken part in invading Williams's apartment; they identified Hayes as their companion.

**{¶12}** According to Dickson, Crowell had indicated Williams kept a lot of marijuana in her apartment. Crayton and Dale both admitted they smoked marijuana often. Dickson and Dale each testified that Hayes went with them to Williams's apartment and that they all went inside after Dickson "kicked in" the door. On the night of the incident, under the dresser where Donitzen had seen Hayes reaching his arm, Donitzen found a "sandwich bag containing multiple smaller bags of marijuana inside of it."

**{¶13}** Hayes subsequently was indicted along with his four codefendants on thirteen counts. Pertinent to this appeal, Hayes was charged with aggravated burglary, burglary, carrying a concealed weapon, possession of marijuana, having a weapon while under disability, and tampering with evidence. The burglary counts contained notices of prior conviction ("NPCs") and repeat violent offender specifications ("RVOs").

**{¶14}** The record reflects that although counsel was assigned to represent Hayes at Hayes's September 30, 2010 initial appearance before the trial court, counsel found it necessary to file a motion to withdraw from the case on October 26, 2010. The trial court granted the motion and appointed new counsel for Hayes on November 3, 2010. Hayes's trial counsel thereafter filed motions for discovery; he also participated in numerous pretrial hearings.

**{¶15}** The court originally set March 1, 2011 as the date for Hayes's trial, but the case was continued to April 12, 2011. On that date, the defense filed a motion to continue trial until May 4, 2011. The case, however, could not go forward because the

court was unavailable and the next available date for the attorneys was not until June 21, 2011.

{¶16} On June 1, 2011, proceeding pro se, Hayes filed a motion to dismiss his case pursuant to R.C. 2945.71 for failure to comply with his right to a speedy trial. The court addressed Hayes's motion on June 21, 2011 when his case was called for trial.

{¶17} At that time, Hayes's attorney conceded that his client had been incarcerated since his arrest based upon a "probation hold" in addition to the instant case. Defense counsel also noted that the case would need a further continuance because Hayes did not as of the trial date "have any conventional clothing." In addition, the prosecutor stated on the record that Hayes was under indictment in another case, viz., case number CR-538572. Based upon the foregoing facts, Hayes's trial counsel agreed with the court's statement that the time for trial had been tolled "at least until June 28th." Hayes's trial commenced on that date.

{¶18} After Hayes executed a jury waiver with respect to the NPCs and RVOs attached to his indictment, his case proceeded to a jury trial on the pertinent charges. The jury subsequently found Hayes guilty of burglary, possession of marijuana, and tampering with evidence. The trial court also found Hayes guilty of the NPCs and RVOs. The court ultimately sentenced Hayes to a total prison term of five years for his convictions.

{¶19} Hayes presents two assignments of error in this appeal.

**"I.  The trial court erred by not commencing trial in a timely fashion in violation of R.C. 2945.71[,] the Sixth and Fourteenth Amendments to the U.S. Constitution[,] and Article I, Section 10 of the Ohio Constitution.**

**"II.   Defendant's convictions for burglary, possession of drugs and tampering with evidence were against the manifest weight of the evidence."**

{¶20} Hayes argues in his first assignment of error that the lower court should have granted his motion to dismiss this case for failure to comply with his constitutional right to a speedy trial because his trial did not take place within the statutory time period.   The record does not support his argument.

{¶21} Hayes was incarcerated on more than the charges in this case, therefore, the pertinent portion of R.C. 2945.71 states:

> (C) A person against whom a charge of felony is pending:
>   * * *
> (2) Shall be brought to trial within two hundred seventy days after his arrest.

{¶22} Because the two-hundred-seventy-day statutory period begins to run from the date of arrest, Hayes's time for trial commenced on September 25, 2010.   However, the time period specified in R.C. 2945.71 can be extended pursuant to R.C. 2945.72, which provides in relevant part that "[t]he time within which an accused must be brought to trial, * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused[.]"

{¶23} According to the docket of this case, Hayes's trial counsel requested several continuances for the purpose of obtaining discovery.   Furthermore, defense counsel

conceded that Hayes's trial commenced within the statutory time limits.   Any doubt as to

the effectiveness of defense counsel's waiver of speedy trial rights was settled by *State v.*

*McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978).   The syllabus of *McBreen* states:

> A defendant's right to be brought to trial within the time limits
> expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial
> preparation and the defendant is bound by the waiver even though the
> waiver is executed without his consent.

{¶24} This court is cognizant that in *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d

218 (1987), the Ohio Supreme Court noted that statutory and constitutional speedy trial

provisions are coextensive, but that the constitutional guarantees may be broader than

statutory provisions in some circumstances.   Hence, a defendant's Sixth Amendment

rights to a speedy trial can be violated even though the state has complied with the

statutory provisions implementing that right.   *Id.*

{¶25} A balancing test for resolving speedy trial issues, therefore, is applied.

*Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).   Pursuant to this

test, four factors are considered, viz., the length of delay, the reason for the delay, the

defendant's assertion of his right, and prejudice to the defendant.   *Id.* at 530.   Applying

that balancing test to Hayes's case, no violation of his constitutional right to a speedy trial

occurred.

{¶26} Although Hayes asserted his right to a speedy trial in his pro se motion, he

waived the right through his defense counsel on other occasions.   *State v. Clayton*, 8th

Dist. No. 64036, 1994 WL 24287 (Jan. 27, 1994).   Moreover, some of the delay can be

attributed to Hayes's own failure to have appropriate clothing on the date of trial.   The

record also does not reflect Hayes suffered any prejudice caused by the delay. *State v. Logan*, 71 Ohio App.3d 292, 593 N.E.2d 395 (10th Dist. 1991).

**{¶27}** Based upon the foregoing analysis, Hayes's first assignment of error is overruled.

**{¶28}** In his second assignment of error, Hayes argues that the manifest weight of the evidence does not support his convictions. He contends that the state's case against him was based mainly upon the testimony of unreliable witnesses, and their testimony was not worthy of belief. This court disagrees.

**{¶29}** In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, weigh the evidence presented and all reasonable inferences therefrom, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). A reviewing court must, however, allow the jury appropriate discretion with respect to matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

**{¶30}** During the trial of this case, the jury heard testimony from several witnesses, including Fluker, police officers, and forensic experts. The jury also heard testimony

from three of Hayes's four codefendants and from Williams. Each of the witnesses had his or her own reasons to testify.

{¶31} Nevertheless, the testimony was consistent as to all the essential facts surrounding the incident, including Hayes's participation in the apartment invasion and his proximity to hidden marijuana. This court cannot find that the jury lost its way in evaluating the evidence presented in this case. *State v. Williams*, 3d Dist. No. 9-07-61, 2008-Ohio-3887.

{¶32} Accordingly, Hayes's second assignment of error also is overruled.

{¶33} Hayes's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR